IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUICOR,

        Plaintiff,                         93cv1229
                                                **ELECTRONICALLY FILED**

        v.

TAMMALA D. MESSINGER, DARLENE M.
MESSINGER, DESIREE PYTLAK,

        Defendants.

## Memorandum Opinion on Summary Judgment

### I.      Introduction

This is an action brought pursuant to the Employee Retirement Security Act, 29 U.S.C.

§ 1001 et seq. (ERISA), and involves a claim for benefits on a life insurance policy owned by the

estate of decedent, Robert G. Messinger, a former employee of United States Steel, in the

amount of $16,750.00.

Mr. Messinger died on December 14, 1992, and following his death, three persons made

claims to his life insurance policy: his current wife, Tammala D. Mesinger, who was the

designated beneficiary on the policy; his former wife, Darlene Messinger; and his daughter,

Desiree Pytlak. Equicor then filed an interpleader action in this Court, and the funds have

remained with this Court since being paid in by Equicor in 1993. There has been no action on

this case since that time. However, on February 14, 2013, Tammala Messinger's attorney,

received notice from this Court that this case was still pending (doc. no. 23), and her attorney,

William Garvin, then filed the instant Motion for Summary Judgment on March 12, 2014. On

that same date, a response was ordered for March 21, 2014 at noon. When Mr. Garvin filed a

notice of death of opposing counsel, on March 21, 2014 (doc. no. 27), the Court then ordered Mr.

Garvin, as attorney for Defendant Tammala Messinger, to "promptly serve notice of this Order

on Defendant Desiree Pytlak." Further, the Court ordered Defendant Pytlak to respond to the

Motion for Summary Judgment on or before April 9, 2014. On April 3, 2014, Mr. Garvin filed a

proof of service indicating that on March 26, 2014, Darlene Messinger (mother of Defendant

Pytlak) signed for the certified mailing of the documents (doc. no. 28).

As of this date, the Court has received no communication or written response from

Defendant Pytlak. Pending before this Court is Defendant Tammala Messinger's Motion for

Summary Judgment (doc. no. 24), with no opposition thereto.

## II.      Standard of Review

Summary judgment may be granted if, drawing all inferences in favor of the non-moving

party, "the movant shows that there is no genuine issue as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v.*

*Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010). *Manolovich v. Park*, 461 Fed. Appx. 187, 190 (3d

Cir. 2012).

A fact is "material" if proof of its existence or non-existence might affect the outcome of

the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see*

*also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Smith v. Borough of Dunmore,

516 Fed. Appx. 194, 200 (3d Cir. 2013). Disputes must be both (1) material, meaning concerning

facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning

there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to

resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659

F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – i.e., depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)). *Estate of Beim v. Hirsch*, 121 Fed. Appx. 950, 953 (3d Cir. 2005).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Gallup v. Clarion Sintered Metals, Inc.*, 489 Fed. Appx. 553, 555 (3d Cir. 2012); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). In reviewing a motion for summary judgment, the court does not make credibility determinations, and summary

judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007).

## III.    Factual History

For purposes of this Opinion, the following facts are not in dispute:

1.  Robert Messinger had a life insurance policy as part of his pension benefits with United States Steel.

2.  Robert Messinger had named his wife, Darlene, as the beneficiary on his life insurance policy.

3.  Robert Messinger and Darlene Messinger were divorced in 1982.

4.  As part of a marriage settlement agreement (not a Qualified Domestic Relations Order (QDRO)) entered into by the parties on March 2, 1982 at paragraph 3 "husband agrees to change the beneficiary on his life insurance policies to his daughter, Desiree Pytlak".

5.  Mr. Messinger did, in fact, change the name on his United States Steel life insurance policy to Desiree Pytlak on March 2, 1982.

6. Robert Messinger was remarried in 1986. His new wife, Tammala D. Messinger then appeared as the primary beneficiary in 1986 on the U.S. Steel life insurance policy through Equitable Life Insurance.

7. Robert Messinger died December 14, 1992 and the amount of insurance due and owing was $16,750.00.

8. The last named beneficiary was Tammala Messinger, wife of Robert Messinger.

9. Equicor, Plaintiff in the above-caption matter, filed a Complaint for Interpleader and, in fact, paid the funds into the Federal District Court for the Western District of Pennsylvania immediately after filing the Complaint.

10. The funds have remained in control of this Honorable Court since that time and are currently in the Court Registry Investment System (CRIS).

## IV.  Discussion

There is no dispute as to the material facts surrounding this case.  The case law is well settled that under ERISA, the plan administrator must pay the proceeds to the named beneficiary, in accordance with the documents and instruments governing the plan.  29 U.S.C. § 1104(a)(1)(D); *see Kennedy v. Plan Adm'r for Dupont Sav. And Ind. Plan*, 555 U.S. 285 (2009)(Plan administrators must "act in accordance with the documents and instruments governing the plan . . . and [ERISA] provides no exemption for this duty when it comes time to pay benefits.").

In the seminal case of *Kennedy*, an employee participated in an ERISA employee pension benefit plan and designated his wife as his beneficiary.  The couple divorced and as part of the divorce decree, the ex-wife agreed to waive her interest in her ex-husband's pension plan.  The ex-husband died without amending the pension plan documents to replace his ex-wife as the designated beneficiary.  The estate of the husband claimed a right to the proceeds of the plan, but the plan administrator relied on the husband's designation form and paid the funds to the ex-wife.  After the District Court granted summary judgment to the estate and ordered the plan to pay the estate, the United States Court of Appeals for the Fifth Circuit reversed, holding that the ex-wife's waiver was rendered void by ERISA's anti-alienation provision which states that "benefits provided under the plan may not be assigned or alienated."   The United States Supreme Court affirmed, on different grounds and held that the ex-wife's waiver "did not constitute an assignment or alienation rendered void [by ERISA's] anti-alienation provision."

The holding in *Kennedy*, that the plan administrator was required to pay the ex-spouse as the named beneficiary despite her assignment thereof, is instructive in this case as there is no dispute that the plan documents name Tammala Messinger who was, in fact, the spouse of Robert Messinger upon his death. The mere fact that a 1982 divorce settlement agreement states that the Daughter, Desiree Pytlak, will be named beneficiary under the policy (and in fact was named as the beneficiary at one time) does not require Robert Messinger to be forever bound by an agreement that is not a QDRO[1] so that for the *rest of his life* he could never change beneficiaries.

Title 29 U.S.C. § 1144(a) states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001). "[A] state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Met. Life Ins. Co. v. Pressley*, 82 F.3d 126, 129 (6th Cir. 1996)(quoting *Ingersoll-Rand Co., v. McClendon*, 498 U.S. 133, 139(1990)). In the *Egelhoff* case, the United States Supreme Court held that a Washington state statute that is substantially similar to Pennsylvania's statutory divorce insurance provision was expressly preempted by ERISA, and was therefore ineffective to revoke the beneficiary designation of an ex-spouse on her former husbands' employer-issued life insurance policy. 532 U.S. at 143.

Most recently, in *Estate of Kensinger v. URL Pharma, Inc.,* 674 F.3d 131 (3d Cir. 2012), the United States Court of Appeals for the Third Circuit held that the plan administrator was

---

[1]To qualify as a QDRO, an order must satisfy certain statutory requirements such as clearly specifying an alternate payee, the amount of benefits to be paid to the alternate payee, the period to which the order applies, and the specific plan impacted by the order. By statute, ant-alienation provision do not apply to QDRO's. 29 U.S.C. § 1056(d)(3). *See Estate of Kensinger v. URL Pharma, Inc*. 674 F.3d 131, fn 2 (3d Cir. 2012). There is no dispute that the settlement agreement in this case was not a QDRO.

required to pay 401K proceeds to a former spouse even though there was a waiver and release signed by the parties. The United States Court of Appeals for the Third Circuit, citing *Kennedy*, held that the ex-wife's waiver did not constitute an assignment rendered void by ERISA's anti-alienation provision and therefore was not invalidated by ERISA.

The Supreme Court emphasized in *Kennedy*, and was reiterated by the Court of Appeals for the Third Circuit in *Kensinger,* in adopting the "so-called 'plan documents rule,' . . . the Court emphasized the desirability of a 'straightforward rule of hewing to the directives of the plan documents.'" *Kensinger*, 674 F.3d at 133-34 (quoting *Kennedy*, 55 U.S. at 300).

The case law on this point has evinced a bright line rule after analyzing the important policy considerations favoring uniform and efficient plan administration that would be undermined if an employer had to consider benefit claims from sources extrinsic to the plan documents. Even in the case where an ex-spouse was named as a beneficiary and the former spouse never changed the beneficiary after a divorce, the Court of Appeals for the Third Circuit has construed that the named beneficiary is still entitled to the death benefits. *Id.*

Accordingly, where, as here, Tammala Messinger was, in fact, the spouse of decedent Robert Messinger *and* was named as the beneficiary on his plan, those intentions as expressed in the plan documents themselves, are binding and cannot be undermined by a prior marriage settlement agreement that is not a QDRO. Therefore, the proceeds of the life insurance policy in this case must be paid to the named beneficiary on the policy, the wife of Robert Messinger at the time of his death, Tammala Messinger.

**V.      Conclusion**

For the reasons set forth hereinabove, and for lack of opposition thereto, the Court will grant Defendant Tammala D. Messinger's Motion for Summary Judgment (doc. no. 24).  An appropriate order follows.

                                                      **SO ORDERED** this 15th day of April, 2014.

                                                      s/Arthur J. Schwab
                                                      Arthur J. Schwab
                                                      United States District Judge


cc:    All Registered ECF Counsel and Parties